IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Paul Ventura, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 2282 |
| Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc., a New Jersey corporation, | ) ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Paul Ventura, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Paul Ventura ("Ventura"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that he was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Professional Recovery Services, Inc., d/b/a Echelon Recovery, Inc. ("Echelon"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Echelon operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Echelon was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Echelon is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Echelon conducts business in Illinois.

6. Moreover, Defendant Echelon is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Echelon acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Ventura is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for an HSBC credit card. When Echelon began trying to collect this debt from Mr. Ventura, by sending him a collection letter, dated December 22, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Echelon's collection actions. A copy of Defendant's letter is attached as

Exhibit C.

8. Accordingly, on January 20, 2011, one of Mr. Ventura's attorneys at LASPD informed Echelon, in writing, that Mr. Ventura was represented by counsel, and directed Echelon to cease contacting him, and to cease all further collection activities because Mr. Ventura was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Echelon sent a collection letter, dated February 8, 2011, directly to Mr. Ventura, which demanded payment of the HSBC debt. A copy of this letter is attached as Exhibit E.

10. Accordingly, on March 2, 2011, one of Mr. Ventura's LASPD attorneys had to write to Defendant Echelon again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Echelon's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Echelon's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Ventura's, agent, LASPD, told Defendant Echelon to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Echelon violated § 1692c(c) of the FDCPA.

16. Defendant Echelon's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Echelon knew that Mr. Ventura was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant Echelon to cease directly communicating with him. By directly sending Mr. Ventura a collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendant Echelon violated § 1692c(a)(2) of the FDCPA.

20. Defendant Echelon's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Paul Ventura, prays that this Court:

1. Find that Defendant Echelon's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ventura, and against Defendant Echelon, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Paul Ventura, demands trial by jury.

Paul Ventura,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 5, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5